# United States Court of Appeals
## For the First Circuit

No. 25-2089

RHODE ISLAND STATE COUNCIL OF CHURCHES; NATIONAL COUNCIL OF NONPROFITS; SERVICE EMPLOYEES INTERNATIONAL UNION; MAIN STREET ALLIANCE; CITY OF CENTRAL FALLS; CITY OF PAWTUCKET; CITY OF PROVIDENCE; CITY OF ALBUQUERQUE; CITY OF BALTIMORE; CITY OF COLUMBUS; CITY OF DURHAM; CITY OF NEW HAVEN; AMOS HOUSE; DR. MARTIN LUTHER KING, JR. COMMUNITY CENTER; EAST BAY COMMUNITY ACTION PROGRAM; FEDERAL HILL HOUSE ASSOCIATION; THE MILAGROS PROJECT; UNITED WAY OF RHODE ISLAND; NEW YORK LEGAL ASSISTANCE GROUP; BLACK SHEEP MARKET,

Plaintiffs, Appellees,

v.

BROOKE L. ROLLINS, in her official capacity as Secretary of the United States Department of Agriculture; UNITED STATES DEPARTMENT OF AGRICULTURE; RUSSELL T. VOUGHT, in his official capacity as Director of the United States Office of Management and Budget; UNITED STATES OFFICE OF MANAGEMENT AND BUDGET; SCOTT BESSENT, in his official capacity as Secretary of the United States Department of the Treasury; UNITED STATES DEPARTMENT OF THE TREASURY; UNITED STATES,

Defendants, Appellants.

Before

Barron, <u>Chief Judge</u>,
Gelpí and Rikelman, <u>Circuit Judges</u>.

**ORDER OF COURT**

Entered: November 7, 2025

This case was brought by cities, unions, nonprofits, and a retailer challenging the government defendants' ("government") suspension of benefits under the Supplemental Nutrition Assistance Program (SNAP) during the ongoing lapse in congressional appropriations. On October 31, the district court granted the plaintiffs' motion for a temporary restraining order, directing the defendants to distribute SNAP funds for the month of November. The district court provided the government two options: "make the full SNAP benefit payments by Monday,

November 3, 2025," including by using a SNAP contingency fund and drawing on a fund created by Section 32 of the Agricultural Adjustment Act of 1935, 7 U.S.C. § 612c ("Section 32 fund"), or "expeditiously resolve the administrative and clerical burdens it described" in previous filings and "make a partial payment of the total amount of the contingency funds . . . by Wednesday, November 5, 2025."  On November 4, the plaintiffs filed a motion to enforce the temporary restraining order, or, in the alternative, for the district court to enter a new temporary restraining order.  The motion contended that the government failed to comply with the district court's first temporary restraining order because the government, among other things, "failed to expeditiously resolve the burdens associated with partial SNAP payments," as required.

In a November 6 order, the district court granted the motion to enforce its October 31 order, concluding that the government had failed to either fully fund SNAP for November or to resolve administrative and clerical burdens such that partial payments would be made.  It therefore directed the government "to make full SNAP payments . . . by utilizing available Section 32 funds in combination with the contingency funds."  In the same November 6 order, the district court issued a second temporary restraining order concluding that the government's decision not to use Section 32 funds to issue full SNAP benefits in November was arbitrary and capricious and similarly directing the government to make full payments of SNAP benefits by November 7, including by using the Section 32 fund.

The government filed a notice of appeal and has moved to stay pending appeal the district court's November 6 orders.  The government requests a stay on the merits and an administrative stay.  We note that in its stay briefing to us, the government has not disputed that it may under 7 U.S.C. § 2257 use the Section 32 fund to cover the provision of SNAP benefits for the month of November.  Because the November 6 orders provide the same relief, the government would need to establish that it is entitled to a stay of both orders in order to receive the relief that it requests from being required to make full SNAP payments by utilizing available Section 32 funds in combination with the contingency funds.

The request for an administrative stay is denied.  The government's motion for a stay pending appeal remains pending, and we intend to issue a decision on that motion as quickly as possible.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Catherine Mary Agnes Carroll, Amy Retsinas Romero, Jyoti Jasrasaria, Kevin Love Hubbard, Kristin Bateman, Robin F. Thurston, Skye L. Perryman, Adnan Perwez, Andrew Liang Bookbinder, Michael J. Torcello, Michael S. Raab, Lauren S. Zurier, Kevin M. Bolan, Laura, Myron, Rachna Vyas, Jason Altabet, Tyler J. Becker, Joseph E. Borson